UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Quinn Ngiendo,                                  Civ. No. 13-1890 (PAM/JSM)

                Plaintiff,

v.                                   **MEMORANDUM AND ORDER**

Metropolitan Council,

                Defendant.

---

      This matter is before the Court on Plaintiff Quinn Ngiendo's "Amended Motion to Recuse Hon. Judge Paul Magnuson." Ngiendo asserts that this Court's impartiality is in question because the Court granted Defendant's Motion for Summary Judgment and dismissed the Amended Complaint. In her letter to the Clerk's Office that accompanied the first iteration of this Motion, Ngiendo also apparently seeks the sealing of either the Motion or the entire case. (See Docket No. 80-1 ("This is to ask that you do not publish all outcome of this Case. . . . Plaintiff would like for her privacy respected in this matter.").)

      As an initial matter, the Court declines to seal either the Motion to Recuse or the entire case. There is a presumption that judicial records and documents will be open to public inspection. In re Search Warrant for Secretarial Area Outside Office of Gunn, 855 F.2d 569, 573 (8th Cir. 1988). Documents may be sealed if "closure is essential to preserve higher values and is narrowly tailored to that interest." In re New York Times Co., 828 F.2d 110, 116 (2d Cir. 1987). The party seeking to seal the document must establish that a compelling interest requires a limitation on the public's right to access. Gunn, 855 F.2d at 574. Ngiendo

contends only that her privacy requires the sealing of the document or the case, but there is no personal information in the Motion and the Court can discern no other reason that would justify sealing the Motion or the case as a whole.  Ngiendo's request is therefore denied.

Likewise, Ngiendo has not established that the Court's "impartiality might reasonably be questioned" in this matter.  28 U.S.C. § 455(a).  "Judges are presumed to be impartial and, accordingly, parties seeking recusal bear 'the substantial burden of proving otherwise.'"  In re Medtronic, Inc. Sprint Fidelis Leads Prods. Liab. Litig., 601 F. Supp. 2d 1120, 1124 (D. Minn. 2009) (Kyle, J.) (quoting United States v. Dehghani, 550 F.3d 716, 721 (8th Cir. 2008)).  "Disqualification for lack of impartiality must have a reasonable basis."  In re Kan. Pub. Employees Ret. Sys., 85 F.3d 1353, 1359 (8th Cir. 1996) (quoting S. Rep. No. 93-419, 93d Cong., 1st Sess. 5 (1973)) (emphasis in original).  In addition, "[m]otions for recusal . . . will not be considered unless timely made."  Tri-State Fin., LLC v. Lovald, 525 F.3d 649, 653 (8th Cir. 2008).

This Motion comes after the Court entered judgment against Ngiendo.  "The Eighth Circuit has expressed its disapproval of litigants who wait to seek recusal until after a judge has 'issued an unfavorable ruling.'"  In re Medtronic, 601 F. Supp. 2d at 1132 (quoting Neal v. Wilson, 112 F.3d 351, 357 n.6 (8th Cir. 1997)).  That Ngiendo brought this Motion solely because she is dissatisfied with the Court's ruling is apparent because Ngiendo's only basis for seeking recusal is her insistence that the Court must be biased because it ruled in favor of Defendant and against her.  By asking the Court to recuse, Ngiendo "seek[s] to avoid the consequences of [the Court's] adverse decision."  In re Kan. Pub. Employees, 85 F.3d  at

1358-59 (citations and quotations omitted). But her belief that the Court erred is not a ground for recusal.

Ngiendo has not set forth any reasonable basis for the Court's recusal in this matter. She has therefore failed to meet her substantial burden to prove that the Court's impartiality is in question. Accordingly, **IT IS HEREBY ORDERED that** Plaintiff's Amended Motion to Recuse (Docket No. 81) is **DENIED**.

Dated: <u>January 6, 2015</u>

                                               *s/ Paul A. Magnuson*
                                               Paul A. Magnuson
                                               United States District Court Judge